# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAMES R. BRISCOE, III,

                    Plaintiff,

          v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

                    Defendants.

_____/

CASE NO. 1:07-cv-00320-AWI-SMS

ORDER VACATING ORDER FILED ON MAY
4, 2007

(Doc. 10)

ORDER DISMISSING COMPLAINT FOR
FAILURE TO STATE A CLAIM, WITH
LEAVE TO FILE AMENDED COMPLAINT
WITHIN THIRTY DAYS

(Doc. 1)

I.     Screening Order

       A.     Screening Requirement

       Plaintiff James R. Briscoe, III ("plaintiff") is proceeding pro se and in forma pauperis in this

civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 27, 2007.

(Doc. 1.) On May 4, 2007, the court issued an order finding the complaint stated cognizable claims

for relief, and directing plaintiff to complete and return three USM-285 forms and three summonses

so that service of process may be initiated.  (Doc. 10.)  For the reasons set forth herein, the order of

May 4, 2007, must be vacated and plaintiff must file an amended complaint.

       "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state

a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Pursuant to Rule 8(a),

a complaint must contain "a short and plain statement of the claim showing that the pleader is

1

entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.      Plaintiff's Section 1983 Claim

The basis for plaintiff's claim is his allegedly unjustified imprisonment for more than five months. On March 8, 2006, the Fifth District Court of Appeal reversed plaintiff's conviction. The Fresno County District Attorney's Office re-filed the case and plaintiff was booked into the Fresno County Jail on May 31, 2006. Despite court orders stating that plaintiff was not to be held on a detainer because he was not on parole due to the reversal of his conviction, the California Department of Corrections placed a detainer against him. Plaintiff finally succeed in getting the detainer removed on or around August 17, 2006.

Plaintiff is seeking money damages under section 1983 against the California Department of Corrections ("CDC"), Parole and Community Services, and the Fresno County Jail. Plaintiff alleges that CDC placed the detainer against him despite court orders directing that he was not to be held on detainer, the Fresno County Jail knowingly processed and filed the detainer, and the Parole Division failed to remove the detainer despite plaintiff's efforts and his attorney's efforts to

2

communicate with the division.  Although plaintiff fails to specify what federal right was violated by defendants, the court presumes the claim to be one for deprivation of liberty without due process of law.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1200 (9th Cir. 2003) (recognizing due process right to release within reasonable time after reason for detention ends); Haywood v. Younger, 769 F.2d 1350, 1359 (9th Cir. 1985) (recognizing potential for legitimate due process claim under section 1983 for excessive custody).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series

///

3

1  of acts by others which the actor knows or reasonably should know would cause others to inflict the

2  constitutional injury.'" Id. (quoting Johnson at 743-44).

3                    1.    CDC and Parole and Community Services as Defendants

4        The Eleventh Amendment prohibits federal courts from hearing suits brought against an

5  unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir.

6  1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996);

7  Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v.

8  State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits

9  against state agencies as well as those where the state itself is named as a defendant.  See Natural

10  Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks,

11  951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada

12  Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v.

13  Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the California

14  Department of Corrections and Parole and Community Services are state agencies, they are entitled

15  to Eleventh Amendment immunity from suit.  Plaintiff may not pursue a claim against either agency

16  in this action.

17                    2.    Fresno County Jail as a Defendant

18        A local government unit may not be held responsible for the acts of its employees under a

19  respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691

20  (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290

21  F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts

22  the injury complained of.  Gibson, 290 F.3d at 1185.

23        Generally, a claim against a local government unit for municipal or county liability requires

24  an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the

25  constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.

26  2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).  Alternatively, and more difficult

27  to prove, municipal liability may be imposed where the local government unit's omission led to the

28  constitutional violation by its employee.  Gibson at 1186.  Under this route to municipal liability, the

4

1 "plaintiff must show that the municipality's deliberate indifference led to its omission and that the
2 omission caused the employee to commit the constitutional violation." Id. Deliberate indifference
3 requires a showing "that the municipality was on actual or constructive notice that its omissions
4 would likely result in a constitutional violation." Id.

5 Plaintiff has not alleged any facts in his complaint which support a claim against the Fresno
6 County Jail under a municipal liability theory. The court will provide plaintiff with the opportunity
7 to file an amended complaint either curing the deficiency in his claim against the jail or naming
8 another defendant, or defendants, responsible for the alleged violation of plaintiff's rights.

9 C.    Conclusion

10 Although the allegations set forth in plaintiff's complaint would support a claim under
11 section 1983, plaintiff may not sue CDC or Parole and Community Services in federal court, and
12 plaintiff has not alleged facts sufficient to state a claim against the Fresno County Jail. For these
13 reasons, plaintiff's complaint fails to state a claim under section 1983. The court will provide
14 plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the
15 court in this order.

16 Plaintiff is informed he must demonstrate in his complaint how the conditions complained
17 of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d
18 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is
19 involved. There can be no liability under section 1983 unless there is some affirmative link or
20 connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.
21 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
22 743 (9th Cir. 1978).

23 Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
24 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
25 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once
26 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
27 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
28 of each defendant must be sufficiently alleged.

5

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    The order filed on May 4, 2007, is VACATED;

2.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

3.    The Clerk's Office shall send plaintiff a civil rights complaint form;

4.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

5.    If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    May 24, 2007**                              /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE