1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

JAMES R. BRISCOE, III,

Plaintiff,

v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

Defendants.

_____/

CASE NO. 1:07-cv-00320-AWI-SMS

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF CERTAIN
CLAIMS, WITH PREJUDICE, AND
RECOMMENDING THAT PLAINTIFF BE
GIVEN ONE OPPORTUNITY TO AMEND
HIS CONDITIONS OF CONFINEMENT
CLAIM

(Doc. 13)

OBJECTIONS DUE WITHIN THIRTY DAYS

I.      Findings and Recommendations Following Screening of Amended Complaint

        A.      Screening Requirement

        Plaintiff James R. Briscoe, III ("plaintiff") is proceeding pro se and in forma pauperis in this

civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 27, 2007.

(Doc. 1.) On May 25, 2007, the court dismissed plaintiff's complaint for failure to state any claims

upon which relief may be granted under section 1983.  (Doc. 12.)  Plaintiff filed an amended

complaint on June 19, 2007.  (Doc. 13.)

        "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state

a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Pursuant to Rule 8(a),

a complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair

1  notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz v. Sorema</u>

2  <u>N. A.</u>, 534 U.S. 506, 512 (2002).  A court may dismiss a complaint only if it is clear that no relief

3  could be granted under any set of facts that could be proved consistent with the allegations.  <u>Id</u>. at

4  514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled

5  to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a

6  recovery is very remote and unlikely but that is not the test.'"  <u>Jackson v. Carey</u>, 353 F.3d 750, 755

7  (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>,

8  367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on

9  notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))).

10  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze</u>

11  <u>v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may

12  not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union</u>

13  <u>Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th

14  Cir. 1982)).

15          B.       <u>Plaintiff's Section 1983 Claims</u>

16                  1.       <u>Illegal Detainer</u>

17          Plaintiff is seeking to impose liability under section 1983 against the California Department

18  of Corrections ("CDC"), Parole and Community Services, the Fresno County Jail, the Sheriff's

19  Department, the Fifth District Court of Appeal, Sheriff Margaret Mimms, and Parole Agents Ronnie

20  Sims and Larry Robinson based on the placement of an allegedly illegal detainer on him following

21  the reversal of his conviction by the Fifth District Court of Appeal.  Plaintiff alleges that CDC placed

22  the detainer against him despite court orders directing that he was not to be held on detainer, the

23  Fresno County Jail knowingly processed and filed the detainer, and the Parole Division failed to

24  remove the detainer.  Although plaintiff fails to specifically plead his legal claim, the court presumes

25  the claim to be one for deprivation of liberty without due process of law.  See <u>Brass v. County of Los</u>

26  <u>Angeles</u>, 328 F.3d 1192, 1200 (9th Cir. 2003) (recognizing due process right to release within

27  reasonable time after reason for detention ends); <u>Haywood v. Younger</u>, 769 F.2d 1350, 1359 (9th

28  ///

1  Cir. 1985) (recognizing potential for legitimate due process claim under section 1983 for excessive

2  custody).

3          To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

4  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

5  law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  The Civil Rights Act

6  under which this action was filed provides:

7              Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
8             of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
9             or other proper proceeding for redress.

10  42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal

11  Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

12  (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

13  deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

14  Section 1983 offers no redress."  Id.

15         Section 1983 plainly requires that there be an actual connection or link between the actions

16  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

17  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A

18  person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983,

19  if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform

20  an act which [that person] is legally required to do that causes the deprivation of which complaint

21  is made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588

22  F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by

23  some kind of direct, personal participation in the deprivation, but also be setting in motion a series

24  of acts by others which the actor knows or reasonably should know would cause others to inflict the

25  constitutional injury.'"  Id. (quoting Johnson at 743-44).

26              a.    Defendants CDC, and Parole and Community Services

27         The Eleventh Amendment prohibits federal courts from hearing suits brought against an

28  unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir.

3

1    1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996);

2    Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v.

3    State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).   The Eleventh Amendment bars suits

4    against state agencies as well as those where the state itself is named as a defendant.   See Natural

5    Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks,

6    951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada

7    Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v.

8    Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because CDC and Parole

9    and Community Services are state agencies, they are entitled to Eleventh Amendment immunity from

10   suit.  Plaintiff may not pursue a claim against either agency in this action, and the court recommends

11   that the claims against them be dismissed from this action, with prejudice.

12                            b.        Defendants Fresno County Jail and the Sheriff's Department

13          A local government unit may not be held responsible for the acts of its employees under a

14   respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691

15   (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290

16   F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts

17   the injury complained of.  Gibson, 290 F.3d at 1185.

18          Generally, a claim against a local government unit for municipal or county liability requires

19   an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the

20   constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.

21   2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).  Alternatively, and more difficult

22   to prove, municipal liability may be imposed where the local government unit's omission led to the

23   constitutional violation by its employee.  Gibson at 1186.  Under this route to municipal liability, the

24   "plaintiff must show that the municipality's deliberate indifference led to its omission and that the

25   omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference

26   requires a showing "that the municipality was on actual or constructive notice that its omissions

27   would likely result in a constitutional violation."  Id.

28   ///

4

1   Plaintiff has not alleged any facts in his amended complaint which support a claim against
2   the Fresno County Jail under a municipal liability theory.  Plaintiff was provided with the
3   opportunity to file an amended complaint curing the deficiency in his claim against the jail, but
4   plaintiff was unable to do so.  The court recommends plaintiff's claims against the jail and the
5   Sheriff's Department be dismissed, with prejudice.

6                   c.      Defendant Fifth District Court of Appeal

7   Plaintiff names the Fifth District Court of Appeal as a defendant.  The basis for plaintiff's
8   claim against the court is that he notified it of the need to enforce its remittitur and the response from
9   the court was that "it was out of their hands."  (Doc. 13, 6:18-19.)

10   Judges are generally entitled to absolute immunity from liability under section 1983.  Olsen
11   v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004); Ashelman v. Pope, 793 F.2d
12   1072, 1075 (9th Cir.1986).  "As long as the judge's ultimate acts are judicial actions taken within
13   the court's subject matter jurisdiction, immunity applies."  Ashelman, 793 F.2d at 1078.  Plaintiff
14   may not pursue a claim for relief against the Fifth District Court of Appeal in this action because the
15   court is entitled to absolute immunity from suit for its judicial acts.  The court recommends dismissal
16   of this claim, with prejudice.

17                   d.      Defendant Margaret Mimms

18   As with the jail and the Sheriff's Department, Sheriff Margaret Mimms may not be held
19   liable for the actions of her employees under a theory of respondeat superior.  To state a claim for
20   relief under section 1983 against defendant Mimms, plaintiff must allege some facts supporting a
21   claim that defendant Mimms either: personally participated in the alleged deprivation of
22   constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or
23   "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and
24   is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
25   1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

26   Plaintiff has not alleged any facts supporting a claim that defendant Mimms personally
27   participated in the alleged deprivation of constitutional rights; knew of the violations and failed to
28   act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is

a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
Hansen v. Black at 646.  Rather, it is clear from plaintiff's allegations that he seeks to hold defendant
Mimms liable for the actions of jail staff based on her position as the Sheriff.  Plaintiff may not do
so.  The court recommends that plaintiff's claim against defendant Mimms be dismissed, with
prejudice.

e.   Defendants Ronnie Sims and Larry Robinson

Plaintiff alleges that he informed Parole Agent Ronnie Sims of the illegal detainer and Sims
informed his supervisor, Larry Robinson, but they opted to allow the detainer to remain in place
because plaintiff still owed parole violation time.  Plaintiff alleges he was not a parolee or under the
jurisdiction of the Parole Division.

Plaintiff allegations are sufficient to give rise to a claim for relief under section 1983 against
defendants Sims and Robinson.  Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200
(2007).

2.   Conditions of Confinement

In his amended complaint, plaintiff adds allegations concerning his conditions of
confinement while at the Fresno County Jail.  Plaintiff alleges that he was physically assaulted by
officers, placed in a filthy cell where he contracted a staph infection, and denied medical care.

The Eighth Amendment's prohibition against cruel and unusual punishment only protects
convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386,
395 n.10 (1989).  However, although the rights of pre-trial detainees are analyzed under the Due
Process Clause rather than the Eighth Amendment, the same standards apply.  Frost v. Agnos, 152
F.3d 1124, 1128 (9th Cir. 1998).  Officials must provide prisoners with food, clothing, shelter,
sanitation, medical care, and personal safety.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981);
Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246
(9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement,
officials may be held liable only if they acted with "deliberate indifference to a substantial risk of
serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference
standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

6

1   objective terms, "sufficiently serious . . . ."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing

2   <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and

3   disregard[] an excessive risk to inmate health or safety . . . ."  <u>Farmer</u>, 511 U.S. at 837.

4        Plaintiff has not linked any of the conditions complained of to any individual defendants.

5 As plaintiff has previously been advised, section 1983 requires that the alleged violations complained

6 of rise to the level of a constitutional violation and that the alleged violation complained of be linked

7 to a specific state actor.  Because plaintiff was not previously given leave to amend this claim, the

8 court recommends that he be provided with one opportunity to amend.  The court further

9 recommends that plaintiff be precluded from adding any new and different claims to this action.

10       C.    <u>Conclusion</u>

11        Plaintiff's amended complaint states a claim under section 1983 against defendants Sims and

12 Robinson relating to the illegal detainer.  However, plaintiff's claims against the California

13 Department of Corrections, Parole and Community Services, the Fresno County Jail, the Sheriff's

14 Department, the Fifth District Court of Appeal, and Sheriff Margaret Mimms are not cognizable and

15 the court recommends their dismissal, with prejudice.[1]  Plaintiff's claim arising from the conditions

16 of confinement at the jail is also not cognizable.  Because plaintiff was not previously given leave

17 to amend that claim, the court recommends that plaintiff be provided with one opportunity to file a

18 second amended complaint curing the deficiencies in the claim.

19        Based on the foregoing, it is HEREBY RECOMMENDED that:

20       1.    Plaintiff 's claims against the California Department of Corrections, Parole and

21               Community Services, the Fresno County Jail, the Sheriff's Department, the Fifth

22               District Court of Appeal, and Sheriff Margaret Mimms relating to the illegal detainer

23               be dismissed, with prejudice, for failure to state a claim upon which relief may be

24               granted under section 1983;

25 ///

26 _____

27      [1] In his amended complaint, plaintiff asks that the court provide him with the applicable legal standards and appropriate forum to raise his claims against the California Department of Corrections, Parole and Community

28 Services, and the Fifth District Court of Appeal.  (Doc. 13, 11:24-28.)  The court cannot and will not provide plaintiff with legal advice.

2.      Plaintiff be granted leave to file a second amended complaint to cure the deficiencies in his conditions of confinement claim; and

3.      Plaintiff be precluded from adding any new claims to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 26, 2007            /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE