IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. BRISCOE, III, ) | 1:07-cv-0320 AWI WMW (PC) |
| ) | |
| Plaintiff, ) | ORDER DENYING DEFENDANTS TILTON AND WOODFORD'S MOTION TO DISMISS |
| v. ) | |
| ) | ORDER GRANTING IN PART AND DENYING IN PART COUNTY DEFENDANTS' MOTION TO DISMISS |
| DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | (Documents 48, 50) |

After initiating this case pro se, Plaintiff is now proceeding with retained counsel in this 42 U.S.C. § 1983 civil rights action.[1] Plaintiff's Second Amended Complaint ("SAC") alleges claims that stem from conduct that occurred while Plaintiff was housed at the Fresno County Jail. Plaintiff claims that he was being held in custody despite a court order reversing his conviction. Plaintiff also claims that he was subjected to excessive force, unconstitutional conditions of confinement, and denials of medical treatment. Defendants Sims and Robinson have filed an answer. Defendants Tilton and Woodford have filed a motion to dismiss. Defendants the County of Fresno, Mims, Osborn, Morris, Lockie, Prado, and Redondo ("the County Defendants") have filed a motion to dismiss. Defendant Palmer has not appeared. For the reasons that follow, the motions will be granted in part and denied in part.

---

[1] In September 2007, attorney Mark King was substituted in as Plaintiff's counsel.

**LEGAL STANDARDS**

*Rule 8*

Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief. "Under the liberal rules of pleading, a plaintiff need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). This rule does "not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). The pleadings need only give the opposing party fair notice of a claim and the claim's basis. Conley, 355 U.S. at 47; Sagana, 384 F.3d at 736; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001). 47). The pleadings are also to "be construed as to do substantial justice," and "no technical forms of pleading . . . are required." Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736; Fontana, 262 F.3d at 877.

*Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139. Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have

violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Thus, to "avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face." Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9t h Cir. 2008) (quoting Twombly, 127 S. Ct. at 1974). If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

*42 U.S.C. § 1983*

To warrant relief under 42 U.S.C. § 1983, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981); Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2008).

**COUNTY DEFENDANTS' MOTION TO DISMISS**

The County Defendants make several arguments against each cause of action. Generally, these arguments deal either with the adequacy of the SAC's factual allegations or the

3

appropriateness of utilizing a particular Constitutional Amendment. Plaintiff opposition is general in nature and does not address many of the County Defendants' arguments. Instead, Plaintiff essentially argues that he has met the standards of Rule 8.

**1.    Fourth Amendment Claim** (First Cause of Action)

The County Defendants argue that Plaintiff is either considered a pre-trial detainee or a prisoner. If he is a prisoner, then the Eighth Amendment protects against unlawful seizures/use of force. If he is a pre-trial detainee, then the Fourteenth Amendment protects against unlawful seizures/use of force.

Plaintiff alleges that he was improperly detained as a result of the reversal of his conviction. It is alleged that the district attorney continued to pursue the case and re-filed the charges. In the absence of further elaboration from Plaintiff, the Court will read the complaint as indicating that Plaintiff is a post-arraignment, pre-trial detainee who is subject to the protections of the Fourteenth Amendment due process clause. See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2000); Abeyta v. Santa Clara County Dep't of Corrs., 2008 U.S. Dist. LEXIS 101923, *3 (N.D. Cal. Dec. 4, 2008). Accordingly, the Fourth Amendment is technically not the correct amendment for Plaintiff's claims, rather his claims are proper under the Fourteenth Amendment. Dismissal is appropriate.[2]

**2.    Fifth Amendment Claim** (First Cause of Action)

In the absence of clarification from the Plaintiff, the Court reads the SAC as attempting to allege a violation of the Fifth Amendment Due Process Clause. However, this clause applies only to federal action; it does not apply to conduct by the states. See Scott v. Clay County, 205 F.3d 867, 873 n.7 (6th Cir. 2000); Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000); Akhtarshad v. City of Corona, 2009 U.S. Dist. LEXIS 10979, 17-18 (C.D. Cal. Feb. 10, 2009); Freebery v. Coons, 589 F.Supp.2d 409, 415 (D. Del. 2008); Hooper v. City of Montgomery, 482 F.Supp.2d 1330, 1335 (M.D. Ala. 2007); Estate of Conner v. Ambrose, 990 F.Supp. 606, 614-15 (N.D. Ind. 1997); Jackson v. Elrod, 655 F.Supp. 1130, 1133-34 (N.D. Ill. 1987). Since the only

---

[2]To the extent that the Court misreads the complaint, Plaintiff can clarify through an amended complaint.

4

defendants in this case are employees of either the County of Fresno or the State of California, the defendants are not federal actors, and the SAC does not plead a viable cause of action. Dismissal is appropriate.

### 3. **Sixth Amendment Claim** (First Cause of Action)

The Sixth Amendment reads:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. Am. VI. It is not clear to the Court exactly how Plaintiff is alleging his Sixth Amendment rights were violated. The allegations of the SAC deal with his detention in the County Jail and Plaintiff's treatment and the conditions of confinement within the jail. There is no paragraph that expressly deals with a Sixth Amendment right. The Court will neither guess nor make Defendants guess what Plaintiff is attempting to allege. Because insufficient notice is given of the claim and the claim's basis, dismissal is appropriate.

### 4. **Eighth Amendment** (First Cause of Action)

The Eighth Amendment applies to prisoners who have been convicted. See Bell v. Wolfish, 41 U.S. 520, 535 n. 16 (1979); Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004). Since Plaintiff alleges that his conviction was reversed and that he was wrongfully in custody as a result of the reversal, he appears to allege that he is a pre-trial detainee. Thus, the Eighth Amendment does not apply to him. See id. Plaintiff's complaints regarding excessive force, the conditions of his confinement, and the lack of medical treatment are properly analyzed under the Fourteenth Amendment. See Connor, 490 U.S. at 395 n.10; Gibson, 290 F.3d at 1187, 1197; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Dismissal is appropriate.

### 5. **Fourteenth Amendment** (First Cause of Action)

a. Excessive Force

The County Defendants do not challenge Plaintiff's allegations with respect to excessive force except to say that Plaintiff has not alleged that Mims and Osborn used excessive force. A

5

review of the complaint shows that Plaintiff has alleged that the following defendants used excessive force: Morris, Lockie, Prado, and Redondo. See SAC at ¶ 28. To the extent that Plaintiff attempts to allege that any other defendants violated this right, the SAC fails to do so.

b. Inadequate Medical Treatment

The SAC alleges that as a result of having untreated injuries from excessive force and being placed in a cell contaminated with human fecal matter, Plaintiff developed a staph infection. See SAC at ¶ 29. Plaintiff alleges that he requested to be seen by a doctor, was only given medication, and only saw a doctor after having an adverse reaction to the medication. See id.

To prove an inadequate medical care claim, a plaintiff must show that he was: (1) confined under conditions posing a risk of objectively, sufficiently serious harm; and (2) that the officials had a sufficiently culpable state of mind in denying the proper medical care, i.e. officials acted with deliberate indifference to a serious medical need.[3] See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003). A medical need is serious "if the failure to treat the [detainee's] condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).[4] Under the deliberate indifference standard, a defendant will be liable for denying needed medical care only if he "knows of and disregards an excessive risk to [a detainee's] health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Lolli, 351 F.3d at 419; Gibson, 290 F.3d at 1187. The indifference to serious medical needs must be "substantial" and "[m]ere indifference, negligence, or medical malpractice" is insufficient. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). "In order to know of the risk, it is not enough that the person merely 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [] he must also draw that inference.'" Lolli, 351 F.3d at 419; Gibson, 290 F.3d at 1187.

---

[3] Eighth Amendment standards are utilized in evaluating the medical treatment claims of pretrial detainees. See Lolli, 351 F.3d at 419; Frost, 152 F.2d at 1128.

[4] *McGuckin* was overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

6

1 | Here, Plaintiff has failed to allege sufficient facts to show an actionable denial of medical
2 | treatment. First, Plaintiff does not attempt to identify which defendants acted to violate his right
3 | to medical treatment. Second, with respect to the injuries suffered from the infliction of
4 | excessive force, the allegations do not show that Plaintiff requested treatment for these injuries,
5 | nor does Plaintiff indicate that these injuries were obviously severe and obviously required
6 | medical attention. In other words, the allegations do not show knowledge by any defendant that
7 | Plaintiff required medical attention. Finally, with respect to developing staph, the allegations
8 | show that Plaintiff was treated and unknown prison personnel responded to his request for
9 | medical attention. He was first given medication for his staph infection, and when he had an
10 | adverse reaction, he received further medical treatment. While a prisoner/detainee is guaranteed
11 | a certain level of medical treatment, he is not guaranteed his choice of physician, a particular
12 | mode of treatment, or a particular place of treatment, and a difference of opinion between
13 | medical staff and a prisoner/detainee alone is not actionable. See Jackson v. Fair, 846 F.2d 811,
14 | 817-18 (1st Cir. 1988); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Brownlow v.
15 | Chavez, 871 F.Supp. 1061, 1064 (S.D. Ind. 1994). Without more, the allegations of the
16 | complaint only show that Plaintiff did not receive his first choice of treatment, which does not
17 | state a claim. Accordingly, dismissal is appropriate.

    c. Conditions of Confinement

19 | County Defendants argue that the SAC fails to allege that any of them had knowledge that
20 | Plaintiff was placed in contaminated cell and was further denied cleaning equipment. The
21 | County Defendants are correct. There is no attempt made to identify any defendant as having
22 | actually acted and it would appear that Plaintiff would know who denied his request for cleaning
23 | supplies, who put him in the cell, and to whom he complained of the fecal contamination. That
24 | is, Plaintiff has not attempted to link or identify each defendant with a deprivation. Thus, this
25 | claim will be dismissed.

    d.. Unlawful Detention

27 | County Defendants argue that this allegation does not include conduct by Mims, Morris,
28 | Lockie, Prado, and Redondo. Instead, Osburn argues that the claim is based on his refusal to

grant any of Plaintiff's grievances. In the grievances, Plaintiff indicated that his conviction had been overturned and that the Fresno Superior Court had issued orders for his release. However, Osburn denied Plaintiff's grievances because of a parole hold that was instituted by Defendants Sims and Robinson and Defendant Palmer informed Osburn that the detainer remained in tact. Osburn argues that his reliance on Palmer's information was justified.

With respect to Defendants Mims, Morris, Lockie, Prado, and Redondo, the County Defendants are correct that the SAC does not indicate that these defendants had a role in the continued detention of Plaintiff, rather the SAC identifies Osburn, Palmer, Sims, and Robinson. As for Osburn, the complaint indicates that Plaintiff informed Osburn of the Court of Appeals reversal and orders by the Fresno County Superior Court regarding release. See Complaint at ¶ 27. *Beier v. City of Lewiston*, 354 F.3d 1058, 1070 (9th Cir. 2004), which Osburn cites, indicates that in the face of a conflict between information from lay citizens and information obtained from official channels, the officer may reasonably rely upon legal information obtained through official channels. Plaintiff does not discuss how *Beier* applies to this case. In the absence of allegations that Osburn's reliance on information obtained from Palmer was unreasonable, and/or in the absence of at least some attempt to address or distinguish *Beier*, the Court will dismiss this claim against Osburn. See Beier, 354 F.3d at 1070.

**TILTON & WOODFORD'S MOTION**

Tilton and Woodford argue that the SAC contains no causal link between any act or omission on their part and the Plaintiff's injuries. The SAC does not indicate that Tilton or Woodford were aware that Plaintiff had been sent to the Fresno County Jail or even his incarceration status, let alone that they were moving forces in Plaintiff's injuries. Tilton and Woodford argue that due to these deficiencies, the claims against them should be dismissed.

Although supervisors may not be liable under 42 U.S.C. § 1983 through a theory of respondeat superior, a plaintiff may show supervisory liability *inter alia* if the supervisor implements "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hanson v. Black, 885 F.2d 642, 646 (9th

Cir. 1989). In order to prevail on a claim that a supervisor failed to adequately train or supervise, a plaintiff must show that such a failure amounts to deliberate indifference. <u>Canell v. Lightner</u>, 143 F.3d 1210, 1213-14 (9th Cir. 1998); <u>see also</u> <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680-81 (9th Cir. 1984).

After reviewing the complaint, the Court is satisfied that Plaintiff has made sufficient allegations. Plaintiff alleges that Tilton and Woodford (as well as Mims, the County, and Robinson) had duties to train and set policies regarding the treatment of prisoners and the propriety of continued detention of prisoners, they failed to train themselves and their staff regarding constitutional requirements, their failure to train is part of a deliberate policy to subordinate the rights of prisoners, they failed to create or implement a monitoring system to ensure each person is lawfully detained and that court orders are obeyed, and that as a direct result of these shortcomings in training and supervision Plaintiff suffered injury. <u>See</u> SAC at ¶¶ 37-45. These allegations indicate deficient policies by Tilton and Woodford that amounts to deliberate indifference. <u>See</u> <u>Hydrick</u>, 500 F.3d at 988. Whether Plaintiff will succeed on his claim is a different question from whether he has sufficiently pled a cause of action under Rule 8. These allegations are sufficient and dismissal is not appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Tilton and Woodford's motion to dismiss is DENIED;
2. The County Defendants' motion to dismiss is GRANTED in that Plaintiff's Fourth, Fifth, Sixth, and Eighth Amendment claims are DISMISSED, Plaintiff's Fourteenth Amendment unlawful detention claim against Osburn is DISMISSED, Plaintiff's Fourteenth Amendment medical treatment claim is DISMISSED; and
3. Since it is not clear that amendment would be futile, Plaintiff may file an amended complaint consistent with this order within twenty (20) days of service of this order.

IT IS SO ORDERED.

**Dated:  March 31, 2009**                **/s/ Anthony W. Ishii**
                                          CHIEF UNITED STATES DISTRICT JUDGE