# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. BRISCOE III, | CASE NO. 1:07-cv-00320- AWI- MJS- PC |
| Plaintiff, | ORDER DENYING MOTION TO STAY |
| v. | (Doc. 81) |
| D. ADAMS, et al., | |
| Defendants. | |

Plaintiff is a former Fresno County Jail inmate proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for a stay of the proceedings. Defendant Fresno County opposes the motion.[1]

This action was initiated by civil complaint filed by plaintiff's retained counsel. Discovery has proceeded, and the dispositive motion filing deadline is September 8, 2010.

On December 24, 2009, counsel for plaintiff filed a motion to withdraw as counsel of record. By order dated March 18, 2010, the motion was granted. Plaintiff now proceeds pro se. On February 26, 2010, plaintiff filed a notice of change of address which indicated he had been released from the Fresno County Jail. His April 1, 2001 motions seeks to stay this action "until he is either released from Fresno County Jail or until plaintiff obtains an attorney to replace [former] attorney

---

[1] The California Department of Corrections and Rehabilitation defendants have not filed a response to the motion.

1

1  of record." (Mot. 1:23.)

2  "The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." <u>Clinton v. Jones</u>, 520 U.S. 681, 707 (1997)(citing <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936). "The proponent of the stay bears the burden of establishing its need." <u>Id</u>. at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. <u>Filtrol Corp. V. Kelleher</u>, 467 F.2d 242, 244 (9th Cirl 1972)(quoting <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).

The Ninth Circuit Court of Appeal has held that "The district court's indefinite stay of all proceedings is tantamount to a denial of due process. Simply because a person is incarcerated does not mean that he is stripped of free access to the courts and the use of legal process to remedy civil wrongs." <u>Wimberly v. Rogers</u>, 557 F.2d 671, 673 (9th Cir. 1997). Further, in considering a stay order, the court should "balance the length of any stay against the strength of the justification given for it." <u>Young v. I.N.S.</u>, 208 F.3d 1116, 1119 (9th Cir. 2000).

Plaintiff requests a stay on the grounds that he is seeking counsel and had been having difficulty litigating his case while incarcerated. As noted, plaintiff is no longer incarcerated. That he has not yet retained replacement counsel does not justify a stay. The Court has pending before it hundreds of civil rights actions brought by incarcerated pro se litigants. There are not here any exceptional circumstances to justify the appointment of counsel, <u>Wilborn</u>, 789 F.2d at 1331(citation omitted), and plaintiff has shown no justification for staying this action while he continues to seek replacement counsel. As the instigator of this action, he is responsible for prosecuting it. He has known for more than five months that his previous attorney wished to withdraw, and he has had more than two months since withdrawal was approved by the court to seek new representation. There is no reason to believe that further delay would be any more productive. However, it would frustrate schedules previously set and defendants' rights to move the charges against them to some resolution.

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an indefinite stay in
2  order to retain counsel shall be, and hereby is, DENIED.

6  IT IS SO ORDERED.

7  Dated:     June 7, 2010                           /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE