# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. BRISCOE, | CASE NO. 1:07-cv-320-AWI-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDER |
| | (ECF No. 115) |
| v. | PLAINTIFF MUST SHOW CAUSE OR FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BY MAY 25, 2011 |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff James R. Briscoe is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 25, 2011, the Court allowed Plaintiff's attorney to withdraw from this matter and ordered Plaintiff to file his opposition to Defendants' Motion for Summary Judgment by April 5, 2011. To date, Plaintiff has neither filed an opposition nor otherwise responded to the Court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

1  prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
2  or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
3  1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,
4  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment
5  of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure
6  to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
7  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
8  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
9  (dismissal for failure to lack of prosecution and failure to comply with local rules).

10  As noted, Plaintiff has failed to oppose Defendants' Motion for Summary Judgment
11  and the deadline for doing so has long since passed.  Accordingly, Plaintiff is ORDERED
12  to show cause not later than May 28, 2011 as to why his case should not be dismissed for
13  failure to comply with a Court order.  Failure to respond to this Order or file an opposition
14  to the Motion for Summary Judgment will result in dismissal of this action.

16  IT IS SO ORDERED.
17  Dated:   April 26, 2011              /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE