1

2

3

4

5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6

7  JAMES R. BRISCOE,                          CASE   NO.   1:07-cv-0320-AWI-MJS   (PC)

8              Plaintiff,

9                                             FINDINGS AND RECOMMENDATION
                                              THAT PLAINTIFF'S COMPLAINT BE
10      v.                                    DISMISSED FOR FAILURE TO COMPLY
                                              WITH A COURT ORDER
11  CALIFORNIA DEPARTMENT OF
    CORRECTIONS, et al.,
12                                            (ECF No. 117)
               Defendants.
13  _____/

14

15      Plaintiff James R. Briscoe ("Plaintiff"), proceeding pro se, filed this civil action on

16  February 27, 2007.  (Compl., ECF No. 1.)  Plaintiff filed a Second Amended Complaint on

17  October 15, 2007 (Second Am. Compl., ECF No. 27), and the Court ordered service of the

18  Second Amended Complaint soon thereafter.  (Order, ECF No. 29.)  Defendants County

19  of Fresno, Osborn, Morris, Lockie, Prado, Rendondo, and Mims (collectively "Fresno County

20  Defendants") filed a Motion to Dismiss or Alternatively, a Motion for a More Definite

21  Statement on April 3, 2008.  (Motion, ECF No. 48.)  Additionally, Defendants Woodford,

22  Tilton, Sims, and Robinson (collectively "CDCR Defendants") filed a Motion to Dismiss on

23  the same day.  (Motion, ECF No. 50.)  The Court denied the CDCR Defendants' Motion to

24  Dismiss and granted in part and denied in part the Fresno County Defendants' Motion to

25  Dismiss.  (Order, ECF No. 63.)  The parties then proceeded with discovery.

26      The CDCR Defendants filed a Motion for Summary Judgment on October 13, 2010.

27  (Motion, ECF No. 98.)  Plaintiff was previously informed about how to oppose a motion for

28  summary judgment.  (Informational Order, ECF No. 8.)  Plaintiff did not respond to the

1    CDCR's Motion for Summary Judgment.  On April 27, 2011, Plaintiff was ordered to file an

2    Opposition to the CDCR Defendants' Motion for Summary Judgment by May 25, 2011.

3    (Order, ECF No. 117.)  Plaintiff was warned that failure to comply with the Court's Order

4    would result in dismissal of the action.  (Id.)  The May 25, 2011 deadline has passed and

5    Plaintiff has not complied with or otherwise responded to the Court's Order.

6          Local Rule 110 provides that "failure of counsel or of a party to comply with these

7    Local Rules or with any order of the Court may be grounds for the imposition by the Court

8    of any and all sanctions . . . within the inherent power of the Court."  District courts have the

9    inherent power to control their dockets and "in the exercise of that power, they may impose

10   sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing

11   Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,

12   based on a party's failure to prosecute an action, failure to obey a court order, or failure to

13   comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

14   (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61

15   (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of

16   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

17   comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone

18   v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

19   with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

20   lack of prosecution and failure to comply with local rules).

21         In determining whether to dismiss an action for lack of prosecution, failure to obey

22   a court order, or failure to comply with local rules, a court must consider several factors: (1)

23   the public's interest in expeditious resolution of litigation; (2) the Court's need to manage

24   its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

25   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

26   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

27   Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

28         In the instant case, the Court finds that the public's interest in expeditiously resolving

this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly stated: "Failure to respond to this Order or file an opposition to the Motion for Summary Judgment will result in dismissal of this action." (Order, ECF No. 117.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Accordingly, the Court hereby RECOMMENDS that this action be dismissed without prejudice for failure to comply with the Court's Order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 29, 2011          _____/s/ Michael J. Seng_____
                                 UNITED STATES MAGISTRATE JUDGE