!

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. BRISCOE, III,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | CASE NO. 1:07-cv-00320 AWI MJS (PC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. 122) |

I.   **PROCEDURAL HISTORY**

Plaintiff James R. Briscoe ("Plaintiff"), proceeding pro se, filed this civil action on February 27, 2007. (Compl., ECF No. 1.) Plaintiff filed a Second Amended Complaint on October 15, 2007 (Second Am. Compl., ECF No. 27), and the Court ordered service of the Second Amended Complaint soon thereafter. (Order, ECF No. 29.) Defendants, County of Fresno, Osborn, Morris, Lockie, Prado, Rendondo, and Mims (collectively "Fresno County Defendants"), filed a Motion to Dismiss or Alternatively, a Motion for a More Definite Statement on April 3, 2008. (Motion, ECF No. 48.) Additionally, Defendants Woodford, Tilton, Sims, and Robinson (collectively "CDCR Defendants") filed a Motion to Dismiss on the same day. (Motion, ECF No. 50.)  The Court denied the CDCR Defendants' Motion to Dismiss and granted in part and denied in part the Fresno County Defendants' Motion to Dismiss.  (Order,

1   ECF No. 63.) The parties then proceeded with discovery.

2       The CDCR Defendants filed a Motion for Summary Judgment on October 13, 2010.
3   (Motion, ECF No. 98.) Plaintiff was previously informed about how to oppose a motion for
4   summary judgment. (Informational Order, ECF No. 8.) Plaintiff did not respond to the CDCR's
5   Motion for Summary Judgment. On April 27, 2011, Plaintiff was ordered to file an Opposition
6   to the CDCR Defendants' Motion for Summary Judgment by May 25, 2011. (Order, ECF No.
7   117.) The Order was served by mail to Plaintiff's address of record, and Plaintiff was warned
8   that failure to comply with the Court's Order would result in dismissal of the action. (Id.) The
9   May 25, 2011 deadline passed, and on June 30, 2011, the Magistrate Judge issued findings
10  and a recommendation that the case be dismissed due to Plaintiff's failure to comply with the
11  Court's order to respond to the Summary Judgment Motion. (F&R's, ECF No. 118.) The
12  findings and recommendation were also served by mail to Plaintiff's address of record.

13      On August 10, 2011, the Court adopted the findings and recommendation, and
14  dismissed the action. (Order, ECF No. 119.) The Order was served by mail on Plaintiff's
15  address of record. On August 15, 2011, the Fresno County Defendants submitted a bill of
16  costs with the court. (Bill of Costs, ECF No. 121.) On August 25, 2011, Plaintiff filed a motion
17  to reconsider the judgment. (Mot. to Reconsider, ECF No .122.) In the motion, Plaintiff alleges
18  he did not receive any communication from the Court regarding the dismissal of the action.

19  **II.    DISCUSSION**

20      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the
21  district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment
22  on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
23  evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has
24  been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
25  Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in
26  any event "not more than one year after the judgment, order, or proceeding was entered or
27  taken." Id.

28      Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party

1  to show the "new or different facts or circumstances claimed to exist which did not exist or
2  were not shown upon such prior motion, or what other grounds exist for the motion." Motions
3  to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking,
4  825 F.2d 437, 441, 263 U.S. App. D.C. 300 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456,
5  460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly
6  convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare
7  Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd
8  in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

9        Here, Plaintiff has failed to meet any of the requirements for granting a motion for
10 reconsideration. He has not shown "mistake, inadvertence, surprise, or excusable neglect,"
11 provided newly discovered evidence, shown the judgment to be either void or satisfied, or
12 provide any other reasons justifying relief from judgment. Moreover, pursuant to the Court's
13 Local Rules, Plaintiff has not provided "new or different facts or circumstances claimed to exist
14 which did not exist or were not shown upon such prior motion, or what other grounds exist for
15 the motion." Local Rule 230(j).

16       Instead, the arguments raised in the instant Motion for Reconsideration solely focus on
17 the fact that he did not receive communication from the Court and therefore was not aware of
18 the dismissal. If Plaintiff was no longer receiving mail at the address provided to the Court, he
19 had a duty to inform the Court of his current address. Local Rule 183(b). The Court has no
20 duty to ensure that a party is receiving correspondence from the Court.  Here Plaintiff knew
21 that a summary judgment motion was pending, and that his attorney was moving to withdraw
22 representation in February, 2011. Plaintiff assumes that Court had not taken any action in the
23 case, until he received notice that the case was dismissed in August, 2011. Plaintiff cannot
24 show that his actions were excusable neglect. He failed to contact the Court for over six
25 months despite knowing that two motions (a motion for summary judgment, and his counsel's
26 motion to withdraw) were pending.

27       Plaintiff is not entitled to relief. Because the Motion for Reconsideration provides no
28 new evidence or circumstances that would satisfy the requirements of Rule 60(b), it must be

1 denied.

2 **III.    <u>ORDER</u>**

3    Accordingly, it is ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 122.)
4 is DENIED.

6 IT IS SO ORDERED.

7
8 Dated:    January 27, 2012

   CHIEF UNITED STATES DISTRICT JUDGE