!

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. BRISCOE, III, | CASE NO. 1:07-cv-00320 AWI MJS (PC) |
| Plaintiff, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 122) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

## I.    PROCEDURAL HISTORY

Plaintiff James R. Briscoe ("Plaintiff"), proceeding pro se, filed this civil action on February 27, 2007. (Compl., ECF No. 1.) Plaintiff filed a Second Amended Complaint on October 15, 2007 (Second Am. Compl., ECF No. 27), and the Court ordered service of the Second Amended Complaint soon thereafter. (Order, ECF No. 29.) Defendants, County of Fresno, Osborn, Morris, Lockie, Prado, Rendondo, and Mims (collectively "Fresno County Defendants"),  filed a Motion to Dismiss or Alternatively, a Motion for a More Definite Statement on April 3, 2008. (Motion, ECF No. 48.) Additionally, Defendants Woodford, Tilton, Sims, and Robinson (collectively "CDCR Defendants") filed a Motion to Dismiss on the same day.  (Motion, ECF No. 50.)  The Court denied the CDCR Defendants' Motion to Dismiss and granted in part and denied in part the Fresno County Defendants' Motion to Dismiss.  (Order,

1   ECF No. 63.)  The parties then proceeded with discovery.

2       The CDCR Defendants filed a Motion for Summary Judgment on October 13, 2010.

3   (Motion, ECF No. 98.)  Plaintiff was previously informed about how to oppose a motion for

4   summary judgment.  (Informational Order, ECF No. 8.)  Plaintiff did not respond to the CDCR's

5   Motion for Summary Judgment.  On April 27, 2011, Plaintiff was ordered to file an Opposition

6   to the CDCR Defendants' Motion for Summary Judgment by May 25, 2011. (Order, ECF No.

7   117.) The Order was served by mail to Plaintiff's address of record, and Plaintiff was warned

8   that failure to comply with the Court's Order would result in dismissal of the action.  (Id.) The

9   May 25, 2011 deadline passed, and on June 30, 2011, the Magistrate Judge issued findings

10  and a recommendation that the case be dismissed due to Plaintiff's failure to comply with the

11  Court's order to respond to the Summary Judgment Motion. (F&R's, ECF No. 118.) The

12  findings and recommendation were also served by mail to Plaintiff's address of record.

13      On August 10, 2011, the Court adopted the findings and recommendation, and

14  dismissed the action. (Order, ECF No. 119.) The Order was served by mail on Plaintiff's

15  address of record. On August 15, 2011, the Fresno County Defendants submitted a bill of

16  costs with the court. (Bill of Costs, ECF No. 121.) On August 25, 2011, Plaintiff filed a motion

17  to reconsider the judgment. (Mot. to Reconsider, ECF No .122.) In the motion, Plaintiff alleges

18  he did not receive any communication from the Court regarding the dismissal of the action.

19  **II.    DISCUSSION**

20      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

21  district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment

22  on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

23  evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

24  been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

25  Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in

26  any event "not more than one year after the judgment, order, or proceeding was entered or

27  taken." Id.

28      Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party

1   to show the "new or different facts or circumstances claimed to exist which did not exist or

2   were not shown upon such prior motion, or what other grounds exist for the motion." Motions

3   to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>,

4   825 F.2d 437, 441, 263 U.S. App. D.C. 300 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456,

5   460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly

6   convincing nature to induce the court to reverse its prior decision. <u>See, e.g.</u>, <u>Kern-Tulare</u>

7   <u>Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd

8   in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

9       Here, Plaintiff has failed to meet any of the requirements for granting a motion for

10  reconsideration. He has not shown "mistake, inadvertence, surprise, or excusable neglect,"

11  provided newly discovered evidence, shown the judgment to be either void or satisfied, or

12  provide any other reasons justifying relief from judgment. Moreover, pursuant to the Court's

13  Local Rules, Plaintiff has not provided "new or different facts or circumstances claimed to exist

14  which did not exist or were not shown upon such prior motion, or what other grounds exist for

15  the motion." Local Rule 230(j).

16      Instead, the arguments raised in the instant Motion for Reconsideration solely focus on

17  the fact that he did not receive communication from the Court and therefore was not aware of

18  the dismissal. If Plaintiff was no longer receiving mail at the address provided to the Court, he

19  had a duty to inform the Court of his current address. Local Rule 183(b). The Court has no

20  duty to ensure that a party is receiving correspondence from the Court.  Here Plaintiff knew

21  that a summary judgment motion was pending, and that his attorney was moving to withdraw

22  representation in February, 2011. Plaintiff assumes that Court had not taken any action in the

23  case, until he received notice that the case was dismissed in August, 2011. Plaintiff cannot

24  show that his actions were excusable neglect. He failed to contact the Court for over six

25  months despite knowing that two motions (a motion for summary judgment, and his counsel's

26  motion to withdraw) were pending.

27      Plaintiff is not entitled to relief. Because the Motion for Reconsideration provides no

28  new evidence or circumstances that would satisfy the requirements of Rule 60(b), it must be

1    denied.

2    **III.      <u>ORDER</u>**

3              Accordingly, it is ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 122.)

4    is DENIED.

5

6    IT IS SO ORDERED.

7

     Dated:    January 27, 2012

8                                                                    CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28