# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. BRISCOE, III,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-CV-00320-AWI-MJS PC<br><br>ORDER DENYING FRESNO COUNTY DEFENDANTS' REQUEST TO TAX COSTS<br><br>(ECF No. 121) |

**I.      PROCEDURAL HISTORY**

Plaintiff James R. Briscoe ("Plaintiff"), proceeding pro se, filed this civil action on February 27, 2007. (Compl., ECF No. 1.) Plaintiff filed a Second Amended Complaint on October 15, 2007 (Second Am. Compl., ECF No. 27), and the Court ordered service of the Second Amended Complaint soon thereafter. (Order, ECF No. 29.) The parties then proceeded with discovery. Defendants Woodford, Tilton, Sims, and Robinson (collectively "CDCR Defendants") filed a Motion for Summary Judgment on October 13, 2010. (Motion, ECF No. 98.) On April 27, 2011, Plaintiff was ordered to file an Opposition to the CDCR Defendants' Motion for Summary Judgment by May 25, 2011.(Order, ECF No. 117.)  The Court filed Findings and Recommendation that the action be dismissed without prejudice for failure to comply with the Court's Order on April 27, 2011 (ECF No. 118) which the Court then adopted as its Judgment on August 10, 2011 (ECF Nos. 119 & 120.) Plaintiff's

motion for reconsideration of the Judgment was denied by the Court on January 30, 2012. (ECF No. 123.)

Before the Court is a Bill of Costs filed by Defendants County of Fresno, Osborn, Morris, Lockie, Prado, Rendondo, and Mims (collectively "Fresno County Defendants"). (ECF No. 121.)

## II. ANALYSIS

There is a presumption in favor of the recovery by a prevailing party of all of its costs. Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006). "[E]xcept when express provision therefor is made either in a statute of the United States or in [the Federal Rules of Civil Procedure], costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994) (citing Fed.R.Civ.P 54(d)).[1] "Under Rule 54,'the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption.'" Id. (citing to Popeil Brothers, Inc. v. Schick Electric, Inc., 516 F.2d 772, 775 (7th Cir.1975)). Prevailing party status generally requires success on the merits of the action. See Tunison v. Continental Airlines Corp., Inc., 162 F.3d 1187, 1190 (C.A.D.C. 1998).

A defendant in a case that is involuntarily dismissed without prejudice is not a "prevailing party" for purposes of Federal Rule of Civil Procedure governing awards of costs and attorney fees. Fed.R.Civ.P. Rule 54(d); McKnight v. 12th & Division Properties, LLC, 709 F.Supp.2d 653, 656 (M.D. Tenn. 2010).

Additionally the Court retains substantial discretion in awarding costs. Minnesota Supply Co., v. Raymond Corp., 472 F.3d 524, 545 (8th Cir. 2006). "The power to award costs under Rule 54 is a matter within the sound discretion of the district court,". Id. (citing to Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir.1983)). "[A]n abuse of discretion occurs 'only when no reasonable person could take the view adopted by the trial court.'" Id. (citing to United States v. Santiago, 826 F.2d 499, 505 (7th Cir.1987)).

---

[1] See Local Rules of the United States District Court for the Eastern District of California, Rule 292.

The instant action was involuntarily dismissed without prejudice due to Plaintiff's failure to comply with a Court order. Accordingly there was no prevailing party. No other basis in statute, rule, or court order supporting an award of costs has been asserted by the Fresno County Defendants. Nor is such otherwise apparent in the record. The Judgment does not award costs. There is no cause for the court to exercise its discretion to award costs.

### III. ORDER

Accordingly, for the foregoing reasons, it is ORDERED that the Fresno County Defendants' Request to Tax Costs (ECF No. 121) is DENIED.

IT IS SO ORDERED.

Dated:   March 26, 2012         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE